UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>LUTHERSON BONHEUR, a/k/a "Boogs,"<br><br>DEFENDANT. | ) Criminal No.: 15-CR-10383-WGY(s)<br>)<br>) VIOLATIONS:<br>)<br>) 21 U.S.C. §846 - Conspiracy to Possess<br>) with Intent to Distribute Heroin and<br>) Cocaine<br>)<br>) 21 U.S.C. §841 – Possession with Intent to<br>) Distribute Heroin and Cocaine<br>)<br>) 18 U.S.C. §922(g)(1) - Felon in Possession<br>) of a Firearm and Ammunition<br>)<br>) 18 U.S.C. §924 (c) - Possession of a<br>) Firearm in Furtherance of a Drug<br>) Trafficking Offense<br>)<br>) 18 U.S.C. §924 (J) – Possession of a<br>) Firearm in Furtherance of a Drug<br>) Trafficking Offense Resulting in Death<br>)<br>) 21 U.S.C. §853 - Drug Forfeiture Allegation<br>)<br>) 18 U.S.C. §924(d) and 28 U.S.C. §2461(c) -<br>) Firearm Forfeiture Allegation<br>)<br>)<br>) |

## SUPERSEDING INFORMATION

**COUNT ONE:**   (21 U.S.C. §846 – Conspiracy to Possess With Intent to Distribute and to Distribute Heroin and Cocaine)

The Acting U.S. Attorney charges that:

From in or around January 2015, and continuing through on or about November 22, 2015, at Boston, Brockton, Barnstable, and elsewhere in the District of Massachusetts, and elsewhere,

**LUTHERSON BONHEUR, a/k/a "Boogs,"**

defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the U.S. Attorney, to possess with intent to distribute, and to distribute heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1).

It is further alleged that the offense described in Count One involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, 21 U.S.C. §841(b)(1)(A)(i) applies to this offense.

It is further alleged that, with respect to Count One, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, is attributable to, and was reasonably foreseeable by LUTHERSON BONHEUR. Accordingly, 21 U.S.C. §841(b)(1)(A)(i) is applicable to defendant LUTHERSON BONHEUR.

All in violation of 21 U.S.C. §846.

**COUNT TWO**: (21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Heroin; 18 U.S.C. §2 – Aiding and Abetting)

The Acting U.S. Attorney further charges that:

On or about June 19, 2015, at Hyannis and elsewhere in the District of Massachusetts,

**LUTHERSON BONHEUR, a/k/a "Boogs,"**

defendant herein, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance.

All in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

**COUNT THREE**:   (18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm;
18 U.S.C. §2 - Aiding and Abetting)

The Acting U.S. Attorney further charges that:

On or about September 30, 2015, at Brockton, and elsewhere in the District of Massachusetts,

**LUTHERSON BONHEUR, a/k/a "Boogs,"**

defendant herein, did knowingly possess in and affecting commerce, a firearm and ammunition, to wit, a M & P Smith and Wesson 9 mm handgun, bearing serial number DSJ7561, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

All in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §2.

4

**COUNT FOUR**: (21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Heroin; 18 U.S.C. §2 – Aiding and Abetting)

The Acting U.S. Attorney further charges that:

On or about November 22, 2015, at Brockton and elsewhere in the District of Massachusetts,

**LUTHERSON BONHEUR, a/k/a "Boogs,"**

defendant herein, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance.

All in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

**COUNT FIVE**:             (18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm;
                            18 U.S.C. §2 - Aiding and Abetting)

The Acting U.S. Attorney further charges that:

On or about November 22, 2015, at Brockton and elsewhere in the District of Massachusetts,

**LUTHERSON BONHEUR, a/k/a "Boogs,"**

defendant herein, did knowingly possess in and affecting commerce, firearms and ammunition, to wit: a Mossberg 715T .22 caliber long rifle, bearing serial number ELH347279, and a 9mm Luger caliber Springfield Armory, Model XDM-9, bearing serial number MG997114, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

All in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §2.

**COUNT SIX**:     (18 U.S.C. §924(c) & (j) – Possession of a Firearm in Furtherance of a Drug Trafficking Offense Resulting in Death

The Acting U.S. Attorney further charges that:

On or about September 30, 2015, at Boston and elsewhere in the District of Massachusetts,

**LUTHERSON BONHEUR, a/k/a "Boogs,"**

defendant herein, did knowingly possess a firearm, to wit, a M & P Smith and Wesson 9 mm handgun, bearing serial number DSJ7561, in furtherance of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. §846, as charged in Count One of this Information.

The U.S. Attorney further charges that the firearm was discharged.

The U.S. Attorney further charges that LUTHERSON BONHEUR, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a voluntary manslaughter as defined in Title 18, United States Code, Section 1112; specifically, he caused the death of Jeffrey Randall.

All in violation of 18 U.S.C. §924(c)(1)(A)(i) & (iii) and 18 U.S.C. §924(j)(2).

## DRUG FORFEITURE ALLEGATION
## (21 U.S.C. §853)

The Acting U.S. Attorney further charges that:

1. Upon conviction of one or more of the offenses alleged in Counts One, Two, and Four of this Information,

**LUTHERSON BONHEUR, a/k/a "Boogs";**

defendant herein, shall forfeit to the United States pursuant to 21 U.S.C. §853, any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant --

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All pursuant to 21 U.S.C. §853.

## FIREARM FORFEITURE ALLEGATION
## (18 U.S.C. §924(d) and 28 U.S.C. §2461(c))

The Acting U.S. Attorney further charges that:

1. Upon conviction of one of the offenses alleged in Counts Three, Five, and Six of this Information,

**LUTHERSON BONHEUR, a/k/a "Boogs,"**

defendant herein, shall forfeit to the United States pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c), any firearm or ammunition involved in or used in the knowing commission of the offense, including, but not limited to, the following:

   (a) M & P Smith and Wesson 9 mm handgun, bearing serial number DSJ7561, seized on or about September 30, 2015;

   (b) Mossberg 715T .22 caliber long rifle, bearing serial number ELH347279, seized on or about November 23, 2015; and

   (c) 9mm Luger caliber Springfield Armory, Model XDM-9 handgun, bearing serial number MG997114, seized on or about November 23, 2015.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant,

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C. §2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c).

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By: /s/ Leah B. Foley
Leah B. Foley
Assistant U.S. Attorney

Date: October 3, 2017